**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **CYNTHIA A. DIXON** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | |
| | ) | **C.A. No. 07-116-T-LDA** |
| **GREENWOOD CREDIT UNION** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## AMENDED COMPLAINT – CLASS ACTION

## INTRODUCTION

1. Plaintiff Cynthia A. Dixon brings this action to secure redress for a course of conduct that included the accessing of a consumer report of the plaintiff and approximately 600,000.00 other residents of Rhode Island and Massachusetts without plaintiff's consent or any lawful reason, in violation of the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. ("FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§1331 and 1337 and 15 U.S.C. §1681p ("FCRA").

3. Venue in this District is proper in that defendant does business in this District.

## LOCAL RULE 23 CLASS ACTION ALLEGATIONS

4. This claim is brought under Federal Rule 23(b)(3) on behalf of a class, consisting of (a) all persons with Rhode Island and Massachusetts addresses (b) to whom

defendant sent or caused to be sent material in the form represented by Exhibit A. Persons who responded to the material and obtained credit as a result of such response are excluded.

5. The class is so numerous that joinder of all members is impracticable. It is estimated that the class is composed of several thousand individuals. (The precise number of class individuals will be ascertained during discovery.)

6. Since Exhibit A is a form document, there are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether obtaining a consumer report for the purpose of transmission of the material in Exhibit A violates the FCRA. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

7. Plaintiff will fairly and adequately represent the members of the class. Plaintiff is aware of her responsibilities as named class representative and have the ability and willingness to carry out those duties to protect each member of the putative class in accordance with judicial precedent interpreting the requirements for adequacy of a class representative. Furthermore, Plaintiff has retained counsel experienced in the prosecution of similar claims.

**PARTIES**

8. Plaintiff Cynthia A. Dixon is an individual who resides in Pawtucket, Rhode Island.

9. Defendant Greenwood Credit Union has its principal office at 2669 Post Road, Warwick RI 02886. Upon information and belief, the defendant is a licensed lender in Rhode Island.

## FACTS

10. In February 2007, plaintiff Cynthia A. Dixon received the document attached as Exhibit A via the United States mail.

11. Exhibit A states: "This 'prescreened' offer of credit is based on information in your credit report . . . ."

12. On information and belief, the quoted statement is true.

13. On information and belief, defendant engaged in or arranged for the "prescreening" of consumers based on information in consumer reports held by a consumer reporting agency.

14. Based on the results of such "prescreening," defendant sent or caused to be sent mailers in the form represented by Exhibit A to numerous consumers, including the plaintiff.

15. "Prescreening" is usually performed by "data brokers" or "information brokers," who access consumer report information. By causing data brokers to handle credit information, defendant subjects consumers to an increased risk of improper disclosure and identity theft. See M. Frank, "Privacy Laws and Data Broker Services," Congressional Testimony, May 10, 2005, Federal Document Clearing House ("data brokers" that perform pre-screening services are inviting targets for identity thieves and have been the subject of several recent incidents of such theft).

16. Exhibit A is an example of a printed form document.

17. Exhibit A contains the trademarks and commercial symbols of

Greenwood Credit Union.

18. On information and belief, defendant Greenwood Credit Union approved and authorized the dissemination of material in the form represented by Exhibit A.

19. The response telephone numbers and mail address on Exhibit A are used by defendant Greenwood Credit Union.

20. On information and belief, defendant Greenwood Credit Union made several hundred thousand dollars in mortgage related fees per year as a result of the dissemination of mailers in the form represented by Exhibit A.

21. The director of lending, at Greenwood Credit Union, Raymond G. Leveille Jr. recently testified under oath that approximately 45,000 letters have been mailed on a weekly basis since August 1, 2006. On information and belief, more than 600,000 mailers in the form represented by Exhibit A were sent to residents of Rhode Island, and Massachusetts since September 1, 2006.

22. Plaintiff Cynthia A. Dixon had not authorized defendant to access or use plaintiff's consumer report.

23. Defendant had no reason to believe that plaintiff Dixon had authorized defendant or defendant's agents to access plaintiff's consumer report or use information therein.

24. Plaintiff Cynthia A. Dixon did not initiate any transaction with defendant.

25. The FCRA, 15 U.S.C. §1681a(d), defines "consumer report" as follows:

> **The term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living**

> **which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for--**
>
> > **(A) credit or insurance to be used primarily for personal, family, or household purposes; . . .**

26. The FCRA, 15 U.S.C. §1681a(f), defines "consumer reporting agency" as:

> **[A]ny person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports.**

27. The FCRA, 15 U.S.C. §1681b, provides it is permissible to obtain or use a consumer report on a consumer only with the written consent of the consumer or for certain "permissible purposes," such as the extension of credit to, or review or collection of an account of, the consumer, employment purposes, the underwriting of insurance, or in connection with a business transaction that is initiated by the consumer, or to make a "firm offer of credit."

28. The requester must certify to the consumer reporting agency that a permissible purpose exists.

29. As noted, one "permissible purpose" is to extend a firm offer of credit or insurance to the consumer, even where this has not been requested by the consumer.

30. The sending of the material in Exhibit A does not constitute a permissible reason for anyone to access plaintiff's consumer report without plaintiff's consent.

31. Greenwood Credit Union did not intend Exhibit A to be a firm offer of credit and sent the mailer hoping to "solicit a phone call."

32. The sending of Exhibit A does not qualify as a "firm offer of credit"

within the meaning of the FCRA, justifying the obtention of a consumer report on a consumer, in that the purported offer (if one exists at all) is a sham, excessively vague and totally lacking in terms. It has no value beyond a solicitation for business, the sending of which is not a permissible purpose for accessing a consumer report. Cole v. U. S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004.)

33. Defendant did not intend to honor any offer made in Exhibit A. There are no terms to honor.

34. Persons responding to Exhibit A are treated no differently than persons contacting defendant in any other manner.

35. If a person responds to Exhibit A, defendant "pulls" a full credit report, which has an adverse impact on their credit score.

36. The receipt of Exhibit A is of no benefit to the recipient.

**VIOLATION ALLEGED**

37. Defendant obtained or used, or caused to be obtained or used, the consumer report of plaintiff Dixon and every other person to whom Exhibit A was sent without their written permission or a "permissible purpose."

38. Defendant willfully violated the FCRA. In support of said contention the Plaintiff avers that on or about August 7, 2006 Greenwood Credit Union was sued in the United States Federal District Court in Boston Massachusetts in a class action case entitled Sullivan v. Greenwood Credit Union C.A. 06-11368-JLT for sending an identical mailer to approximately 2 million consumers. Greenwood Credit Union was served a copy of the Sullivan Complaint on

August 15, 2006 and hired prominent defense counsel who filed an appearance for Greenwood Credit Union on September 1, 2006. Greenwood Credit Union has been placed on notice of it's illegal practices since at least September 1, 2006 but continues to access credit reports in willful violation of the FCRA.

39. The FCRA, 15 U.S.C. §1681n, provides:

**§1681n. Civil liability for willful noncompliance**

**(a) In general. Any person who willfully fails to comply with any requirement imposed under this title [15 USC §§1681 et seq.] with respect to any consumer is liable to that consumer in an amount equal to the sum of–**

**(1)(A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $ 100 and not more than $ 1,000; or**
**(B) in the case of liability of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, actual damages sustained by the consumer as a result of the failure or $ 1,000, whichever is greater;**
**(2) such amount of punitive damages as the court may allow; and**
**(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court. . . .**

40. The FCRA, 15 U.S.C. §1681p, provides:

**§1681p. Jurisdiction of courts; limitation of actions**

**An action to enforce any liability created under this title [15 USC §§1681 et seq.] may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within two years from the date on which the liability arises, except that where a defendant has materially and willfully misrepresented any information required under this title [15 USC §§1681 et seq.] to be disclosed to an individual and the information so misrepresented is material to the establishment of the defendant's liability to that individual under this title [15 USC §§1681 et seq.], the action may be brought at any time within two years after discovery by the individual of the misrepresentation.**

**CLASS ALLEGATIONS**

41. This claim is brought on behalf of a class, consisting of (a) all persons with Rhode Island and Massachusetts addresses (b) to whom defendant sent or caused to be sent material in the form represented by Exhibit A (c) on or after September 1, 2006. Persons who responded to the material and obtained credit as a result of such response are excluded.

42. According to Exhibit A, the consumer report of each such individuals were accessed.

43. The class is so numerous that joinder of all members is impracticable.

44. Exhibit A is a form document.

45. There are questions of law and fact common to the class, which questions predominate over any questions affecting only individual class members. The predominant common question is whether obtaining a consumer report for the purpose of transmission of the material in Exhibit A violates the FCRA.

46. Plaintiff's claims are typical of the claims of the class members. All are based on the same legal and factual issues.

47. Plaintiff will fairly and adequately represent the members of the class. Plaintiff has retained counsel experienced in the prosecution of similar claims.

48. A class action is superior for the fair and efficient prosecution of this litigation. Classwide liability is essential to cause defendant to stop its improper conduct. Many class members may be unaware that they have been victims of illegal conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in plaintiff's favor

and in favor of the class for:

a. Appropriate statutory damages;

b. Injunctive relief against further violations;

c. Attorney's fees, litigation expenses and costs of suit;

d. Such other or further relief as is appropriate.

Respectfully submitted;

/s/Christopher M. Lefebvre #4019
CLAUDE F. LEFEBVRE AND
CHRISTOPHER M. LEFEBVRE, P.C.
Two Dexter Street
Pawtucket, RI 02860
P.O. Box 479 (Mailing address)
Pawtucket, RI 02862
(401) 728-6060
(401) 728-6534 (fax)
lefeblaw@aol.com

**Of Counsel:**
Scott C. Borison
Bar No. 22576
Legg Law Firm, LLC
5500 Buckeystown Pike
Frederick MD 21703
Borison@legglaw.com
(301) 620-1010
(301) 620-1018 Fax

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/ Christopher Lefebvre

# Exhibit A

Greenwood Credit Union

171 Service Avenue, Suite 304 Warwick, RI 02886
(401) 738-0260 • Toll Free (800) 686-6670
www.greenwoodcu.org

Cynthia A Dixon
141 Pinecrest Dr
Pawtucket, RI 02861-1578

PRIORITY CODE: 07202028B

Dear Cynthia A Dixon,

Because of your good credit standing, you have been pre-approved** for a home loan, up to 100% of the value of your home. If you have considered refinancing your current mortgage or obtaining extra money for any worthwhile purpose, Greenwood Credit Union can help. By calling Toll Free **1-800-686-6670** for quick, courteous, professional advice, you can get the process started right away! Membership is open to everyone, regardless of where you live!

For many people with budgets already strained by increased energy costs it makes sense to utilize the equity in your home to reorganize your finances. Make the New Year worry free and have just one low monthly payment.

Why not consider using the equity in your home to:

- Consolidate your loans, credit cards and store charges and have all those bills marked "PAID"
- Get money for home improvements, tuition or a new automobile
- Extra cash for any other worthwhile purpose
- Turn that adjustable rate into a low fixed rate mortgage
- Best of all the interest may be tax deductible

If you have not yet taken advantage of some of the lowest rates in decades and home values at an all time high, you still have time to secure a great loan by contacting one of our knowledgeable mortgage originators today at **1-800-686-6670**! This is your opportunity for a no cost, no obligation telephone consultation with an experienced loan professional before interest rates begin to go back up!

*You can choose to stop receiving "prescreened" offers of credit from this and other companies by calling toll-free 1-888-567-8688. See PRESCREEN & OPT-OUT NOTICE on the other side for more information about prescreened offers.*

The process is fast and simple and we take the information we need right over the telephone. When it's time to close your loan, we can arrange for a convenient location right near your home.

And best of all, we service many of our loans which means that when you have a question, someone right here in our office can answer it. Right away!

So, if you want to work with a full-service credit union that has been helping people meet their goals for over 50 years, you owe it to yourself to give us a call. Our toll free telephone number is 800-686-6670.

Don't wait. Remember membership is open to everyone, so give us a call today!

Sincerely,

Kurt Lauth
Manager

P.S. Greenwood Credit Union never charges application fees for our home loan products and you are under no obligation.

*PRESCREEN & OPT OUT NOTICE – This "prescreened" offer of credit is based on information in your credit report indicating that you meet certain criteria. This offer is not guaranteed if you do not meet our criteria including providing acceptable property as collateral. If you do not want to receive prescreened offers of credit from this and other companies, call TransUnion at 1-888-567-8688 or visit the website at www.optoutprescreen.com (strongly encouraged but not required); or write TransUnion Opt Out Request PO Box 505, Woodlyn, PA 19094-0505.*

" Limited time offer to customers who qualify based on equity, income, debts, and satisfactory credit. Rates and terms subject to change without notice. Most loan programs require both a satisfactory property appraisal and title exam for final approval. The cost of the property appraisal will be borne by you if you withdraw your application or are declined for the request after the property appraisal has been completed. If at time of offer you no longer meet initial criteria, offer may be revoked.